Bryan H. Booth (#7471)
Simone E. Hanson (#17670)
Fetzer Booth, P.C.
50 West Broadway, #1200
Salt Lake City, UT  84101
Office:  (801) 328-0266
bryan@mountainwestlaw.com
simone@mountainwestlaw.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| PRN Health Services LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRNONDEMAND, LLC,<br><br>Defendant. | **COMPLAINT JURY DEMAND**<br><br>**Case No. 2:24-CV- 852** |

Plaintiff, PRN Health Services LLC, through counsel, complains of Defendant, PRNONDEMAND, LLC.

## INTRODUCTION

1. Plaintiff brings this action to protect the substantial goodwill Plaintiff has in it its distinctive PRN word mark ("PRN Mark").

2. For decades, Plaintiff has offered high-quality healthcare agency placement services under its PRN Mark, and as a result has gained an excellent reputation in this industry.

3. Unfortunately, the goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendant's actions.

4. Defendant uses the marks PRN ON DEMAND and PRN, ("Defendant's Marks"), to offer similar or highly related services to the same types of consumers served by Plaintiff.

1

5. Defendant's Marks are confusingly similar to Plaintiff's PRN Mark, and unless Defendant is enjoined from using Defendant's Marks, Plaintiff will continue to suffer irreparable harm.

6. This action seeks injunctive relief, damages and other relief arising from Defendant's willful acts of trademark infringement and unfair competition.

## PARTIES

7. PRN is a limited liability company organized and existing under the laws of Wisconsin, with a principal place of business in Appleton, Wisconsin.

8. Defendant is a Utah limited liability company with the following address: 6453 N. Landmark Dr. #1085, Park City, Utah 84098.

## JURISDICTION AND VENUE

9. This is an action for infringement of a federally registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

10. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

11. This Court also has personal jurisdiction over the Defendant.

12. Defendant is located in Utah and this District.

13. Defendant offers its services under Defendant's Marks in Utah and this District, notably through Defendant's interactive website at the following domain: https://www.prnondemand.com/ .

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, i.e. Defendant is subject to this Court's personal jurisdiction with respect to this civil action.

## FACTS COMMON TO ALL COUNTS

<u>Plaintiff's rights in the PRN Mark</u>

15. For decades, Plaintiff has used its PRN Mark in connection with healthcare staffing agency and related services, including temporary nursing services ("Plaintiff's Services").

16. Plaintiff owns U.S. Trademark Registration No. 1242392 for the PRN Mark in connection with temporary nursing services ("Plaintiff's Trademark Registration"), which issued June 14, 1983.

17. Plaintiff's Trademark Registration is now incontestable under 15 U.S.C. § 1065.

18. Plaintiff advertises its services through its interactive website: https://www.prnhealthservices.com/.

<u>Defendants' infringing activities</u>

19. Defendant uses Defendant's Marks in connection with software as a service (SAAS) services featuring software for on-demand staffing of healthcare professionals ("Defendant's Services").

20. Defendant advertises its services using its interactive website: https://www.prnondemand.com/.

21. Upon information and belief, Defendant first started using Defendant's Marks in 2017.

22. Defendant was not using Defendant's Marks prior to February 28, 2001.

23. Defendant was not using Defendant's Marks prior to Plaintiff's use of Plaintiff's PRN Mark.

<u>Initial steps to remedy infringement</u>

24. On May 18, 2022, Plaintiff sent Defendant a cease-and-desist letter ("Plaintiff's Letter") by email and courier, which was received.

25. In Plaintiff's Letter, Plaintiff advised the Defendant of Plaintiff's Trademark Registration.

26. In Plaintiff's Letter, Plaintiff advised Defendant of a likelihood of confusion between Plaintiff's PRN Mark and Defendant's Marks.

27. Plaintiff's Letter requested that Defendant promptly initiate steps to discontinue use of Defendant's Marks and any PRN-formative mark in connection with healthcare staffing agency and related services.

28. Defendant, however, refused to stop using Defendant's Marks.

29. Plaintiff then filed a cancellation proceeding with the Trademark Trial and Appeal Board ("TTAB") seeking to cancel Defendant's U.S. Trademark Registration No. 6249669 for the following mark:



30. Despite receiving Plaintiff's Letter and even after Plaintiff filed cancellation proceedings with the TTAB, Defendant continues to use Defendant's Marks.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

31. Plaintiff incorporates all the allegations above as if restated here.

32. Plaintiff's PRN Mark is inherently distinctive as evidenced by Plaintiff's Trademark Registration, which is now incontestable.

33. Plaintiff's PRN Mark has priority over Defendant's Marks.

34. Defendant uses Defendant's Marks in U.S. commerce.

35. Defendant's use of Defendant's Marks in connection with Defendant's Services is likely to cause consumer confusion with Plaintiff's PRN Mark.

36. Defendant's Marks are similar to Plaintiff's PRN Mark in sight, sound, and meaning.

37. Defendant's PRN mark is identical to Plaintiff's PRN Mark.

38. Regarding Defendant's PRN ON DEMAND mark, the term PRN dominates the consumers focus especially given that "ON DEMAND" is just the characteristic or category of the services Defendant offers.

39. Defendant's Services are similar or highly related to Plaintiff's Services.

40. Plaintiff and Defendant utilize similar marketing channels, notably both market their services using an interactive website accessible nationwide through the world wide web.

41. At least one consumer has been actually confused that Defendant was Plaintiff because of Defendant's use of Defendant's Marks.

42. Unfortunately, Defendant continues to use Defendant's Marks in connection with Defendant's Services despite having notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and the likelihood of consumer confusion with Plaintiff's PRN Mark.

43. Defendant continues its infringing activities despite receipt of Plaintiff's Letter and Plaintiff's cancellation proceedings at the TTAB.

44. Defendant's actions are likely to mislead the public into concluding that Defendant's Services originate with or are authorized by Plaintiff, which will damage both the Plaintiff and the public.

45. Plaintiff has no control over the quality of services sold by Defendant and because of the source confusion caused by Defendant's use of Defendant's Marks, Plaintiff has lost control over its valuable goodwill.

46. Defendant's unauthorized use of Defendant's Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused, and is likely to continue to cause consumer confusion, mistake, or deception.

47. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill, and Defendant has and will continue to unfairly acquire income, profits and goodwill.

48. Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

49. Plaintiff incorporates all the allegations above as if restated here.

50. Defendant's unauthorized marketing and sale of its services in interstate commerce using Defendant's Marks constitutes use of a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Services by Plaintiff.

51. Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

52. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits and goodwill.

53. Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## Count III
## Cancellation of U.S. Trademark Registration No. 6249669
## for PRN ON DEMAND & Design
## (15 U.S.C. §1119)

54. Plaintiff incorporates all the allegations above as if restated here.

55. Defendant owns U.S. trademark Registration No. 6249669 ("Defendant's Trademark Registration") for the following service mark:



("Defendant's Registered Mark")

56. Defendant's Trademark Registration identifies the following services: software as a service (SAAS) services featuring software for on-demand staffing of healthcare professionals.

57. Defendant's Registered Mark is likely to cause consumer confusion with Plaintiff's PRN Mark.

58. As a result, Defendant's Trademark Registration should be cancelled.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff respectfully requests this Court enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's registered PRN Mark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114(1).

B. Entering a judgment that Defendant's use of Defendant's Marks constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

C. Permanently enjoining and restraining the Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the PRN Mark with or without an accompanying logo or any other designation, alone or combined with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute or identify Defendant's Services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's PRN Mark.

D. Under 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

E. Under 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation.

F. Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition under 15 U.S.C. § 1117.

      G.      Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made because of its infringing actions under 15 U.S.C. § 1117.

      H.      Awarding Plaintiff its attorney's fees under 15 U.S.C. § 1117

      I.      Awarding Plaintiff its costs under 15 U.S.C. § 1117.

      J.      Cancelling Defendant's Trademark Registration: U.S. Trademark Registration Number 6249669;

      K.      Granting Plaintiff such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: November 13, 2024

                                          Respectfully submitted,
                                          PRN Health Services, Inc., by,

                                          /s/Simone E. Hanson
                                          Attorney for Plaintiff