Marc T. Rasich (9279)
Tiffany Shimada (15919)
Annemarie Garrett (17573)
GREENBERG TRAURIG LLP
222 S. Main Street, Suite 1730
Salt Lake City, UT 84101
Telephone: 801.478.6900
marc.rasich@gtlaw.com
tiffany.shimada@gtlaw.com
annemarie.garrett@gtlaw.com

*Attorneys for Defendant and Counterclaimant PRNonDemand, LLC*

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF UTAH

| | |
|---|---|
| PRN Health Services LLC,<br><br>        Plaintiff,<br>v.<br><br>PRNonDemand, LLC,<br><br>        Defendant. | **ANSWER AND COUNTERCLAIM**<br><br>**Jury Demand**<br><br>Case No. 2:24-cv-00852-TC<br><br>Judge Tena Campbell |

Defendant and Counterclaim Plaintiff PRNonDemand, LLC ("PRNOD"), by and through undersigned counsel of record, hereby submits the following Answer and Counterclaims to the Complaint of Plaintiff and Counterclaim Defendant PRN Health Services LLC ("Plaintiff" or "PRNHS"):

### INTRODUCTION

1.      Paragraph 1 asserts legal conclusions to which no response is required. If a response is required, PRNOD denies the allegations contained in Paragraph 1.

2.      Paragraph 2 asserts legal conclusions to which no response is required. If a response

is required, PRNOD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3. Denied.

4. PRNOD admits that its registered trademark includes the literal elements "PRN ON DEMAND." PRNOD denies using "PRN" as a stand-alone mark. Except as expressly admitted, PRNOD denies all remaining allegations contained in Paragraph 4.

5. Denied.

6. PRNOD admits that the Complaint seeks injunctive relief, damages, and other relief. Except as expressly admitted, PRNOD denies the remaining allegations contained in Paragraph 6, and specifically denies that its actions constitute trademark infringement or unfair competition, whether willful or otherwise.

## PARTIES

7. PRNOD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies the same.

8. PRNOD admits that it is a Utah limited liability company with an address at 6453 N. Landmark Dr. #1085, Park City, Utah 84098.

## JURISDICTION AND VENUE

9. PRNOD admits that the Complaint asserts claims under federal law. Except as expressly admitted, PRNOD denies any remaining allegations of Paragraph 9, and specifically denies violating such laws.

10. PRNOD admits that the Court has jurisdiction over the subject matter of the action.

11. Admitted.

12. Admitted.

13. PRNOD admits that it offers services under its registered trademark in Utah, including through its website. PRNOD denies that Plaintiff's defined term "Defendant's Marks" correctly characterizes PRNOD's marks, and therefore denies any remaining allegations in Paragraph 13.

14. PRNOD admits that venue is proper in this district.

## FACTUAL ALLEGATIONS

### Plaintiff's rights in the PRN Mark

15. PRNOD admits that Plaintiff uses and has used a PRN mark. PRNOD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore denies the same.

16. Admitted.

17. Admitted.

18. PRNOD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the same.

### Alleged infringing activities.

19. PRNOD admits that it offers SaaS services under its registered trademark. PRNOD denies that Plaintiff's defined term "Defendant's Marks" correctly characterizes PRNOD's marks, and therefore denies any remaining allegations in Paragraph 19.

20. Admitted.

21. PRNOD admits that it began using its registered trademark at least as early as 2017. PRNOD denies that Plaintiff's defined term "Defendant's Marks" correctly characterizes

PRNOD's marks, and therefore denies any remaining allegations in Paragraph 21.

22. PRNOD admits that its use of its registered trademark commenced after February 28, 2001. PRNOD denies that Plaintiff's defined term "Defendant's Marks" correctly characterizes PRNOD's marks, and therefore denies any remaining allegations in Paragraph 22.

23. PRNOD admits that its use of its registered trademark commenced after Plaintiff's use of a PRN mark. PRNOD denies that Plaintiff's defined term "Defendant's Marks" correctly characterizes PRNOD's marks, and therefore denies any remaining allegations in Paragraph 23.

### **Alleged steps to address alleged infringement.**

24. Admitted.

25. Admitted.

26. PRNOD admits that Plaintiff's letter contained allegations of likelihood of confusion and that PRNOD disagrees with the allegations contained in Plaintiff's letter... Except as expressly admitted, PRNOD denies any remaining allegations contained in Paragraph 26.

27. Admitted.

28. PRNOD admits that it continues to use its registered trademark. PRNOD denies that Plaintiff's defined term "Defendant's Marks" correctly characterizes PRNOD's marks, and therefore denies any remaining allegations in Paragraph 28.

29. Admitted.

30. PRNOD admits that it continues to use its registered trademark. PRNOD denies that Plaintiff's defined term "Defendant's Marks" correctly characterizes PRNOD's marks, and therefore denies any remaining allegations in Paragraph 30.

## LEGAL CLAIMS

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

31. PRNOD repeats and incorporates its answers to Paragraphs 1-30 as if set forth fully herein.

32. Denied.

33. Admitted.

34. PRNOD admits that it uses its registered trademark in U.S. commerce. PRNOD denies that Plaintiff's defined term "Defendant's Marks" correctly characterizes PRNOD's marks, and therefore denies any remaining allegations in Paragraph 34.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. PRNOD admits to using a website in its marketing. PRNOD is without knowledge or information of Plaintiff's marketing activities sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and therefore denies the same.

41. PRNOD denies the allegations contained in Paragraph 41, and specifically denies that any alleged instance of confusion constitutes "actual confusion" under trademark law.

42. PRNOD admits that it continues to use its registered trademark. Except as expressly admitted, PRNOD denies the remaining allegations of Paragraph 42, and specifically denies that

Plaintiff's defined term "Defendant's Marks" correctly characterizes PRNOD's marks.

43. PRNOD admits that it continues to use its registered trademark. Except as expressly admitted, PRNOD denies all remaining allegations in Paragraph 43.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

49. PRNOD repeats and incorporates its answers to Paragraphs 1-48 as if set forth fully herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT III
## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 6249669 FOR PRN ON DEMAND & DESIGN
## (15 U.S.C. § 1119)

54. PRNOD repeats and incorporates its answers to Paragraphs 1-53 as if set forth fully herein.

55. Admitted.

56. Admitted.

6

57. Denied.

58. Denied.

## GENERAL DENIAL

PRNOD denies any and all allegations not expressly admitted above.

## REQUEST FOR RELIEF

PRNOD denies that Plaintiff is entitled to any relief in this matter, including without limitation the relief sought in the "REQUEST FOR RELIEF" section at the conclusion of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against PRNOD upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead any cause of action against PRNOD that would entitle Plaintiff to a money judgment or injunction against PRNOD.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Plaintiff's asserted trademark is generic and therefore unprotectible.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to monetary or injunctive relief because Plaintiff's asserted trademark is or has become the generic name for the goods or services, or a portion of the goods or services, for which the mark was registered.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to monetary or injunctive relief because PRNOD's use of its registered trademarks does not create any likelihood of confusion among relevant consumers.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has abandoned or permitted dilution of any rights they may have had in the asserted trademark by permitting numerous junior users to use the asserted trademark without enforcement, licensing, or intervention by Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel and/or the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering on its claims in the present action because PRNOD's use of the initialism "PRN" is permitted by the Descriptive Fair Use Doctrine.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because, to the extent Plaintiff experienced any damages, Plaintiff has failed to mitigate the damages.

**TENTH AFFIRMATIVE DEFENSE**

PRNOD's actions do not give rise to any recovery by Plaintiff under the Lanham Act, Title 15 U.S. Code.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering on its claims in the present action because Plaintiff's asserted trademark fails to function as a trademark.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering on its claims in the present action because the registration of Plaintiff's asserted trademark was granted improperly.

**RESERVATION OF RIGHTS**

PRNOD reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**DEMAND FOR JURY TRIAL**

PRNOD hereby demands a trial by jury as to all issues so triable.

**COUNTERCLAIMS**

**GENERAL ALLEGATIONS**

**Background of the PRNOD Mark.**

1. Since at least as early as June 18, 2017, PRNOD is and has been in the business of creating professional connections between healthcare facilities and qualified clinicians. In connection with this business, PRNOD offers for sale and sells a software-as-a-service ("SaaS") platform featuring software for the on-demand staffing of healthcare professionals.

2. Since at least as early as June 18, 2017, PRNOD has used the generic designation "PRN" to identify its services. PRNOD needs to be able to use this designation in connection with the promotion and sale of its services, as it is the common generic designation to identify these services.

3. PRNOD owns Registration No. 6249669 for the composite word and design service mark shown here (the "PRNOD Mark"):



During prosecution of the PRNOD Mark, PRNOD denied the entire literal element "PRN On Demand" because "PRN" itself is generic and "PRN On Demand" as a whole is merely descriptive; PRNOD claims no exclusive rights in that portion of the mark.

4. As apparent from the above, the initialism "PRN" is a minor element in the PRNOD Mark overall.

5. The PRNOD Mark was registered for software as a service (SaaS) service featuring software for on-demand staffing of healthcare professionals.

### The term "PRN" is generic in the medical staffing industry.

6. The generic designation "PRN" has been used not only by PRNOD, but also by many others in healthcare to designate temporary care providers utilized as needed and by the healthcare staffing industry to identify their services.

7. "PRN," as used in the healthcare industry, is an initialism of the Latin phrase "pro re nata," which can be translated literally as "for the thing born" and is used to mean "under the circumstances" or "as needed."

8. "PRN" is commonly used generically in the health care industry, including healthcare staffing, to refer to the use of medical professionals "as needed"—referring to a business strategy wherein medical staffing needs are met using temporary workers.

9. The generic initialism "PRN" has been and is used not only by PRNHS but by many others in the healthcare industry, including healthcare staffing businesses, to identify their goods

and services.

10. The U.S. Patent and Trademark Office's ("USPTO") Principal and Supplemental Registers contain numerous third-party registrations in which the registered trademarks contain the generic description "PRN" to identify their goods and services.

11. The generic designation "PRN" has also been used by members of the public to identify a key characteristic of medical staffing services.

12. Use of the generic designation "PRN" is so prevalent in the healthcare industry that it has become necessary to describe the use of temporary healthcare workers, including in staffing strategies, in a manner readily searchable and recognizable by the relevant public.

### Background of the PRNHS Mark.

13. PRNHS is a limited liability company organized and registered under the laws of the State of Wisconsin, with a principal place of business in Appleton, Wisconsin.

14. On December 22, 1977, PRNHS filed Application Serial No. 73/153,094 to register "PRN" as a service mark with the USPTO in connection with temporary nursing services, without denying any portions of the alleged mark.

15. On August 24, 1982, the USPTO approved Application Serial No. 73/153,094 for publication without requiring a disclaimer. The USPTO issued Registration No. 1242392 on June 14, 1983.

16. Registration No. 1242392 is for temporary nursing services.

17. Based on its alleged rights in the designation "PRN," PRNHS sent a letter stating objections to PRNOD's use of the designation "PRN" on May 18, 2022.

18. PRNOD replied to the letter and asserted that PRNOD's use of "PRN" as an

element in its PRNOD Mark is not infringing nor likely to cause confusion in any way.

19. PRNOD and PRNHS provide different services to different markets.

20. The designation "PRN" is a generic description in the overall healthcare industry.

21. Nevertheless, on December 6, 2023, PRNHS commenced cancellation proceedings by filing a Petition to Cancel the PRNOD Mark (Proceeding No. 92083875), asserting that the PRNOD Mark so closely resembles marks registered by PRNHS as to be likely, when used in connection with the services identified in the PRNOD Mark's registration, to cause confusion, mistake, or deception under the Lanham Act.

### PRNHS fails to police its alleged PRN mark.

22. According to Registration No. 1232392, PRNHS claims that it began using the PRN mark in commerce no later than April 1976. The PRN mark registered on June 14, 1983.

23. Since PRNHS obtained the registration for the PRN mark, it has allowed many third parties to use similar marks on similar goods and services.

24. Despite the substantial number of third-party uses, until recently PRNHS has done little to police its alleged rights in the PRN mark by taking enforcement measures against those third parties.

### CLAIMS FOR RELIEF

### COUNT ONE
### CANCELLATION OF TRADEMARK – GENERICNESS

25. PRNOD restates and realleges each of the assertions set forth in the paragraphs above as if fully set forth herein.

26. The primary significance of "PRN" to relevant consumers is as a generic designation. It is therefore incapable of distinguishing PRNHS's services from those provided by

PRNOD and many others in the medical staffing industry.

27. By claiming exclusive rights in the designation "PRN," PRNHS seeks to prevent PRNOD and many other legitimate businesses and other entities from using the precise and common designation that identifies their services to those who may be seeking such services.

28. PRNOD and its competitors providing services related to temporary medical staffing, as well as the general public and other entities such as educational institutions, need to use the designation "PRN" to be able to properly identify these services.

29. Therefore, PRNOD is and will continue to be injured by Registration No. 1242392 because it grants PRNHS the right to exclude PRNOD and others in the industry from using generic terminology to identify their services.

30. Accordingly, Registration No. 1242392 is outside the scope of permissible registration under Section 2 of the Lanham Act, 15 U.S.C. § 1052, for marks "by which the goods of the applicant may be distinguished from the goods of others."

31. PRNOD is therefore entitled to an order from this Court directing that Registration No. 1242392 be cancelled.

## COUNT TWO
## DECLARATORY JUDGMENT – NON-INFRINGEMENT

32. PRNOD restates and realleges each of the assertions set forth in the paragraphs above as if fully set forth herein.

33. PRNHS claims that PRNOD is infringing its trademark in the initialism "PRN." PRNOD believes that its activity does not constitute trademark infringement.

34. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between PRNOD and PRNHS regarding PRNHS's claims of trademark infringement.

35. PRNOD is therefore entitled to a declaratory judgment that its trademark Registration No. 6249669 does not infringe the "PRN" trademark.

## COUNT THREE
## DECLARATORY JUDGMENT – DESCRIPTIVE FAIR USE

36. PRNOD restates and realleges each of the assertions set forth in the paragraphs above as if fully set forth herein.

37. PRNHS asserts a right to exclude PRNOD from using the generic and descriptive element "PRN" in its trademark.

38. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between PRNOD and PRNHS regarding PRNHS's claims of a right to exclude.

39. PRNOD is therefore entitled to a declaratory judgment that the use of the generic and descriptive element "PRN" constitutes descriptive fair use.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PRNOD prays for judgment as follows:

1. The PRNHS's Complaint be dismissed with prejudice and that PRNHS take nothing thereby.

2. That PRNOD be awarded its reasonable attorneys' fees and costs necessarily incurred in defending this action;

3. That this Court issue an order directing that Registration No. 1242392 be cancelled;

4. That this Court issue an order declaring that the use of the initialism "PRN" in Registration No. 6249669 constitutes descriptive fair use;

5. That PRNOD be awarded its reasonable attorneys' fees and costs necessarily incurred in bringing its Counterclaims; and

6. For such other and/or further relief as the Court deems just and proper.

DATED: January 14, 2025

                                          GREENBERG TAURIG, LLP

                                          */s/ Marc T. Rasich*
                                          Marc T. Rasich
                                          Annemarie Garrett

                                          *Attorneys For PRNonDemand, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIM** was served on the following parties via CM/ECF.

Bryan H. Booth
Simone Elyse Hanson
FETZER SIMONSEN BOOTH & JENKINS PC
50 W. Broadway, Ste. 1200
Salt Lake City, UT 84101
bryan@mountainwestlaw.com
simone@mountainwestlaw.com

John T.D. Bathke
PHILLIPS & BATHKE PC
4541 N Prospect Road, Ste. 300A
Peoria Heights, IL 61616
jtdb@pb-iplaw.com

*/s/ Lindsey Wharton*